**LODGED**    **ORIGINAL**

PROB 22
(Rev. 2/88)

MAR 2 4 2008

**Filed**
TRANSFER OF JURISDICTION
APR 0 4 2008
CR - 08    00226

Clerk, U.S. District Court
District of Montana

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

| | |
|---|---|
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DOCKET NUMBER (Tran. Court) CR-02-112-GF-SEH-01 |
| | DOCKET NUMBER (Rec. Court) |
| District of Montana | DIVISION  Great Falls |
| Thomas MALOLEPSZY | NAME OF SENTENCING JUDGE Honorable Sam E. Haddon |
| | DATES OF PROBATION/SUPERVISED RELEASE  FROM 3/25/08  TO 3/24/13 |

OFFENSE
Conspiracy to Distribute Methamphetamine

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF ____Montana____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ____Northern District of California____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_3/24/08_
Date

_[signature]_
Sam E. Haddon, United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE  _Northern_  DISTRICT OF  _California_

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_4/2/08_
Effective Date

_[signature]_
United States District Judge

※AO 245C (Rev. 3/0 Case 4:02-cr-00112-SEH-- Document 23 Filed 05/08/2003 (Note Changes with Asterisks (*))
Case 4:02-cr-00112-RWW Document 2 Filed 04/17/2008 Page 2 of 19

FILED
MAY 8 2003
PATRICK E. DUFFY, CLERK
MONTANA
By _____ Deputy

# UNITED STATES DISTRICT COURT

GREAT FALLS DIVISION     District of    MONTANA

UNITED STATES OF AMERICA

V.

THOMAS ANTHONY MALOLEPSZY

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:    4:2002CR0112 - 23

Deirdre Caughlin
Defendant's Attorney

**Date of Original Judgment:** March 19, 2003
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
☐ Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
X Correction of Sentence by Sentencing Court (Fed. R. Crim. P. Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

**THE DEFENDANT:**
X pleaded guilty to    Count I
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(b)(1)(A) | Conspiracy to Distribute Methamphetamine | Oct. 23, 2002 | Count I |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
X Count(s) II and III    ☐ is    X are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: ███████

Defendant's Date of Birth: ███████

Defendant's USM No.: 07586-046

Defendant's Residence Address:
215 Baden
Butte, Montana 59701

Defendant's Mailing Address:
same

May 8, 2003
Date of Imposition of Judgment

/s/ Sam E. Haddon
Signature of Judicial Officer

Sam E. Haddon, District Judge
Name and Title of Judicial Officer

May 8, 2003
Date

UNITED STATES OF AMERICA } ss
DISTRICT OF MONTANA
Patrick E. Duffy, Clerk of the United States District Court for the District of Montana, hereby certify that the foregoing is...

15th day of April 20 08
PATRICK E. DUFFY, Clerk
By Megan Stewart, Deputy

J/O Book Vol 24 pg

AO 245C    (Rev. 3/01) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page   2   of   7

DEFENDANT: THOMAS ANTHONY MALOLEPSZY
CASE NUMBER: CR-02-112-GF-SEH

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of __68 months__.

X    The court makes the following recommendations to the Bureau of Prisons:

It is recommended that Defendant be considered for enrollment in the Bureau of Prisons' 500-hour Residential Drug Treatment Program.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐ at _____ ☐ a.m. ☐ p.m. on _____.

     ☐ as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. on _____.

     X as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: THOMAS ANTHONY MALOLEPSZY
CASE NUMBER: CR-02-112-GF-SEH

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   5 years

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X The defendant shall not possess a firearm, ammunition, a destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.
14) the defendant shall pay the special assessment imposed or adhere to a Court-ordered installment schedule for the payment of the special assessment;
15) the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245C   (Rev. 3/01) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release                               (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 4 of 7

DEFENDANT:    THOMAS ANTHONY MALOLEPSZY
CASE NUMBER:   CR-02-112-GF-SEH

# SPECIAL CONDITIONS OF SUPERVISION

1. Pursuant to the Violent Crime Control Act of 1994, the Defendant is required to notify the United States Probation Office ten (10) days prior to change of address;

2. Defendant shall participate in and complete a program of substance abuse testing and treatment as approved by the United States Probation Office, until released from the program by the probation office. Defendant is to pay part or all of the cost of this treatment, as determined by the probation office;

3. Defendant shall submit his person, residence, place of employment or vehicle to a search, conducted by a United States Probation Officer, based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. Defendant shall warn any other residents that the premises may be subject to searches pursuant to the condition;

4. Defendant will provide the United States Probation Office with any requested financial information and will incur no new lines of credit without the prior approval of the probation office;

5. Defendant shall abstain from the consumption of alcohol and shall not frequent establishments where alcohol is the primary item of sale. This condition supersedes standard condition number seven (7) with respect to alcohol consumption only.

AO 245C (Rev. 3/01) Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 5 of 7

DEFENDANT: THOMAS ANTHONY MALOLEPSZY
CASE NUMBER: CR-02-112-GF-SEH

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | Assessment | Fine   | Restitution |
|--------|------------|--------|-------------|
| TOTALS | $ 100      | $ waived | $ n/a     |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|-------------------------------|-----------------------------------------|
|               |                      |                               |                                         |

TOTALS    $ _____    $ _____

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

# CLERK'S CERTIFICATE OF MAILING

I hereby certify that I mailed a copy of the foregoing to all counsel of record appearing in the above-entitled case.

DATED this **9** of MAY, 2003

PATRICK DUFFY, CLERK

BY *Naci Hargreaves*
Deputy Clerk

1. Caughlin
2. AUSA
3. USPO - 2 cpys
4. USM - 4 cert cpys
5. J/O Book
6. Renate
7. MSLA, jncl
8. Pam Thompson @ Taft Federal Institution
9. P.O. Box 7000
10. Taft CA 93268
11.
12.
13.
14.
15.
16.
17.
18.

ARCHIVE, TERMED

# U.S. District Court
# United States District Court District Of Montana (Great Falls)
# CRIMINAL DOCKET FOR CASE #: 4:02-cr-00112-SEH All Defendants
# Internal Use Only

Case title: USA v. Malolepszy

Date Filed: 10/17/2002
Date Terminated: 03/19/2003

Assigned to: Judge Sam E Haddon

**Defendant**

**Thomas Anthony Malolepszy (1)**
*TERMINATED: 03/19/2003*

represented by **Deirdre N. Caughlan**
ATTORNEY AT LAW
100 East Broadway Street
Finlen Hotel
Butte, MT 59701
406-723-8228
Fax: 723-0132
Email: maryannemiccio@qwest.net
*TERMINATED: 03/19/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

21:846=CD.F CONSPIRACY TO
DISTRIBUTE CONTROLLED
SUBSTANCE...From 6 mos prior to
9/2001 to present, in Great Falls & Butte,
MT, deft conspired w/Mathew Douglas
Winchell to distribute 500 grams of
methamphetamine
(1)

**Disposition**

BOP: 68 MONTHS. Crt recommend 500
hr drug trmnt pgrm to BOP. Spr rel 5 yrs.
Rpt w/i 72 hrs of rel to USPO in dist
where rel. No FSL crimes, firearms,
dangerous devices, ammunition, cont
substances w/stand cond spr rel imposed.
SPEC COND: Notify USPO 10 days
prior to any chg of addr. Participate &
compelte pgrm for substance abuse
tstg/trmnt a dir by USPO til released; pay
all/part costs of trmnt as dir by USPO.
Submit to random search by USPO as
based upon reasonable suspicion of
contraband/evid of release viol; warn
others. Prov any rqstd financial info to
USPO; incur no new lines of credit w/o
USPO approval. No alcohol, bars, spsds

UNITED STATES OF AMERICA } ss
DISTRICT OF MONTANA
I, Patrick E. Duffy, Clerk of the United
States District Court for the District of
Montana, hereby certify that the above and
foregoing is a true copy of the original now
on file in my office.
Dated this 15th day of
April 20 08
PATRICK E. DUFFY, Clerk
By Megan Stewart
Deputy

stand cond #7 per alcohol only. No fine.
Spec assess $100 due immed.

### Highest Offense Level (Opening)

Felony

### Terminated Counts

21:841G=CP.F CONTROLLED
SUBSTANCE - POSSESSION...From 6
mos prior to 9/2001 to present, at Great
Falls & Butte, MT, deft possessed
w/intent to distribute 500 grams of
methamphetamine & did aid & abet in
possession w/intent to distribute
methamphetamine
(2)

21:841A=CD.F CONTROLLED
SUBSTANCE - SELL, DISTRIBUTE,
OR DISPENSE...From 6 mos prior to
9/2001 to present, in Great Falls & Butte,
MT, deft distributed 500 grams of
methamphetamine or did aid & abet in
distribution of methamphetamine
(3)

### Highest Offense Level (Terminated)

Felony

### Complaints

None

### Disposition

upon oral mtn of govt

upon oral mtn of govt

### Disposition

### Plaintiff

USA
*TERMINATED: 03/19/2003*

represented by **Bernard F. Hubley**
HUGHES KELLNER SULLIVAN &
ALKE
PO Box 1166
40 West Lawrence Avenue
Suite A
Helena, MT 59624-1166
406-457-5120
Fax: 457-5130
Email: bhubley@hksalaw.com

TERMINATED: 03/19/2003
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

| Date Filed | # | Docket Text |
|---|---|---|
| 04/15/2008 | 27 | Probation/Supervised Release Jurisdiction Transferred to Northern District of California as to Thomas Anthony Malolepszy Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet to Northern District of California 280 South 1st Street, San Jose, CA 95113. (MMS, ) (Entered: 04/15/2008) |
| 03/24/2008 | 26 | ORDER Modifying Conditions of or Term of Supervision with Consent of Offender. Signed by Judge Sam E Haddon on 3/24/2008. (original order of Attachment #1, which is two signed Transfers of Jursidiction; (both signed by Judge Haddon) which are sent to USPO/GF (LAV, ) (Entered: 03/25/2008) |
| 10/31/2007 |  | ARCHIVE CASE INFORMATION FROM FRC DENVER, CO, 1 volume, 353185 FRC Location Number, 33 of 36 Box Number, 021 07 0119 FRC Accession Number as to Thomas Anthony Malolepszy. (SLR ) (Entered: 02/11/2008) |
| 06/23/2003 |  | CJA Form 20, voucher #030623000157, submitted by Deirdre Caughlan for representing Malolepszy (audited & to SEH for final approval) (MJG) (Entered: 06/23/2003) |
| 06/18/2003 | 25 | CJA Form 20 Copy 4 - Appointment of Deirdre Caughlan as counsel for defendant Thomas Anthony Malolepszy approved by CSO (orig & worksheets to Caughlan) (MJG) (Entered: 06/18/2003) |
| 06/04/2003 | 24 | TRANSCRIPT of SENTENCING 03/19/03 before SEH by C/R T Brilz (SEALED) (Entered: 06/04/2003) |
| 05/08/2003 | 23 | AMENDED JUDGMENT AND COMMITMENT entered as to Thomas Anthony Malolepszy by Judge Sam E. Haddon; Correction of Sentence; Title and Section corrected to 21 USC 846, 841(b)(1)(A). J/O Book Vol 24 pg 22 (cc: all counsel) (TLO) Additional attachment(s) added on 8/21/2007 (Stewart, Megan). (Entered: 05/09/2003) |
| 03/19/2003 | 22 | JUDGMENT AND COMMITMENT entered as to Thomas Anthony Malolepszy regarding [21-2] sentencing dft to BOP 68 MONTHS by Judge Sam E. Haddon; VOLUME 24, PAGE 22. (cc: all counsel) (LAV) Additional attachment(s) added on 8/21/2007 (Stewart, Megan). (Entered: 03/20/2003) |
| 03/19/2003 | 21 | MINUTES: SENTENCING held for dft THOMAS ANTHONY MALOLEPSZY 03/19/03 before Judge Sam E. Haddon w/AUSA Suek (for Hubley), CJA Deirdre Caughlan, dft O/R 4:10 pm. PSR recd by pties, no obj. Crt accepts F/F of PSR, Plea agmnt. Allocution from cnsl; govt has |

| | | |
|---|---|---|
| | | 5k1.1 mtn. USA mtn to seal 5k1.1 mtn is GRANTED. Crt finds base off lev 32; minus 2 safety valve, minus 3 AOR for 27 total off lev. Range 70-87 mos. Crt grants govt 5k1.1 mtn [20-1], reducing 2 levels for final off lev 25 for range 57-71 mos. No obj. Stat prov stated by crt at sentencing hrg held 3/19/03 ; sentencing Thomas Anthony Malolepszy (1) count 1 to BOP: 68 MONTHS. Crt recommend 500 hr drug pgrm to BOP. Spr rel 5 yrs. Rpt w/i 72 hrs of rel to USPO in dist where rel. No FSL crimes, firearms, dangerous devices, ammunition, cont substances w/stand cond spr rel imposed. SPEC COND: Notify USPO 10 days prior to any chg of addr. Participate & complete pgrm for substance abuse tstg/trmnt as dir by USPO til released; pay all/part costs of trmnt as determined by USPO. Submit to random search by USPO based upon reasonable suspicion of contraband, evid of release viol; warn others. Prov any rqstd financial info to USPO; incur no new lines of credit w/o USPO approval. No alcohol, bars, spsds stand cond #7 per alcohol only. No fine. Spec assess $100 due immed. Crt modifies jdgmnt as rqstd by cnsl for dft to partic in 500 hr drug trmnt prgrm. Right to appeal stated by crt. Mtn for dft to self-report as BOP designates is granted; dft understands conditions. Mtn to dismiss indict, counts 2, 3 dismissed upon oral mtn of govt , and terminating party Thomas Anthony Malolepszy party USA , and case terminated C/R: Tina Brilz, L/C T Racicot, C/D L Vaskey Recess: 4:39pm. (LAV) (Entered: 03/20/2003) |
| 03/18/2003 | 20 | MOTION to reduce re 5k1.1 by USA as to Thomas Anthony Malolepszy (LAV) (Entered: 03/19/2003) |
| 03/13/2003 | 19 | SENTENCING memorandum as to Thomas Anthony Malolepszy (LAV) (Entered: 03/13/2003) |
| 02/03/2003 | 18 | TRANSCRIPT of CHANGE OF PLEA held 12/4/02 before SEH by C/R Tina Brilz (LAV) (Entered: 02/03/2003) |
| 01/23/2003 | 17 | ORDER by Judge Sam E. Haddon sentencing hearing set for 03/20/03 is VACATED and RESET for 3:30 3/19/03 for Thomas Anthony Malolepszy (cc: all counsel) (LAV) (Entered: 01/23/2003) |
| 12/24/2002 | 16 | ARREST Warrant returned executed as to Thomas Anthony Malolepszy on 10/28/02 (TLO) (Entered: 12/27/2002) |
| 12/04/2002 | 15 | ORDER by Judge Sam E. Haddon regarding change of plea hearing held 12/3/02 [14-4] ; sentencing hearing set for 11:15 3/20/03 for Thomas Anthony Malolepszy ; PSR due in final form 3/5/03 (cc: all counsel) (TLO) (Entered: 12/04/2002) |
| 12/04/2002 | 14 | MINUTES: CHANGE OF PLEA HEARING HELD 12/4/02 for deft THOMAS ANTHONY MALOLEPSZY before Judge Sam E. Haddon; 1:00 pm w/crt, AUSA Suek, Deft cnsl Deirdre Caughlan, USPO Lori Hicks, Deft pr OR. P/A has been filed. Clk places deft under oath. Crt explains P/A is negotiated under Rule 11(c)(1)(a) and is not binding. Deft states full name, 37 yrs old, completed 10th grade @ North Salina High School in Salina, CA; heavy equipment operator by trade. Deft satisfied w/cnsl. Crt finds deft competent to proceed. Cnt 1 of Indictmnt revd. Mandatory minimum of 10 |

| | | |
|---|---|---|
| | | yr prison sentence, 5 yr supervised release, up to $4,000,000 fine, Felony charge, $100 mandatory assessmnt. Sentg guidelines dscd. Jury trial process explained. No force threats, or promises made. P/A revd, deft has initialled each pg & signed last page. Civil rights to be lost if guilty plea enterd explained. USA w/legal elements of Cnt 1. Deft w/stmnt of guilt. Offer of proof has been filed. USA reads offer of proof into record. At change of plea hearing held on 12/4/02 guilty plea entered by Thomas Anthony Malolepszy as to Count 1 of Indictmnt. Crt grants motion to change plea to Count I of indict [10-1]. Plea is accepted. Crt finds deft fully competent and capable of entering informed plea. Plea is made knowing and voluntary. Deft adjudged guilty. PSR to be prepared. Counts 2 & 3 moved to procedural: P5 Sentencing set for 3/20/03 @ 11:15 am. Deft has been on release status & has met conds of release. USA w/stmnt that detention is mandatory unless exceptional circumstances exist & presented by defense. Caughlin w/mtn for release, deft has followed all conds of release. Crt will continue release status subject to previous conds. Recess 1:56 pm. C/R: Tina Brilz L/C Tim Racicot C/D Traci Hargreaves (TLO) (Entered: 12/04/2002) |
| 12/02/2002 | 13 | OFFER OF PROOF by plaintiff USA, cpy to SEH (TLO) (Entered: 12/03/2002) |
| 11/25/2002 | 12 | PLEA Agreement as to Thomas Anthony Malolepszy; to indict (LAV) Additional attachment(s) added on 8/21/2007 (Stewart, Megan). (Entered: 11/26/2002) |
| 11/25/2002 | 11 | ORDER by Judge Sam E. Haddon regarding [10-1] mtn to c/p: jury trial set for 12/16/02 is VACATED; change of plea hearing set for 1:00 12/4/02 for Thomas Anthony Malolepszy (cc: all counsel) (LAV) (Entered: 11/25/2002) |
| 11/25/2002 | 10 | MOTION to change plea to count I of indict by Thomas Anthony Malolepszy (LAV) (Entered: 11/25/2002) |
| 11/01/2002 | 9 | ORDER by Judge Sam E. Haddon: PPTC held 10/31/02; JURY TRIAL set for 12/16/02 8:45 AM; dscvy ddl: 11/4/02; mtns ddl: 11/8/02; resp ddl: 11/18/02; plea agmnt ddl: 12/2/02; jy instr/trl brfs: 12/9/02 for Thomas Anthony Malolepszy (cc: all counsel) (LAV) (Entered: 11/01/2002) |
| 10/28/2002 | 8 | ORDER setting conditions of release for Thomas Anthony Malolepszy by Judge Carolyn S. Ostby (cc: all counsel, USM, USPO, deft) cc: counsel, USM, USPO (MJG) (Entered: 10/30/2002) |
| 10/28/2002 | 7 | (10/28/02) 4:09PM to 4:20PM MINUTES OF DETENTION HEARING FOR THOMAS ANTHONY MALOLEPSZY, before Judge Carolyn S. Ostby in GF: AUSA/Bernard Hubley, deft CJA counsel/Dierdre Caughlan, deft & PTSO/Ray Antonsen present. Crt, counsel & deft have agreed that testimony presented in CR-02-108-GF-SEH, by Peter Federspiel (Tri-Agency DTF Agent) & John Quinlan (FBI Agent) is applicable in this case. Hubley concurrs w/recommendation of PTS for deft's release; withdraws his motion for detention; requests that condition be imposed re deft's chemical abuse evaluation/treatment. Crt reviews CJA 23 & appoints Caughlan as counsel for deft; reviews conditions of release w/deft. |

| | | |
|---|---|---|
| | | Conditions set: (1)report to PTS; (2)restrict travel to Silver Bow County without permission; (3)no alcohol/drugs/bars & submit to UA & breath testing; (4)no firearms/weapons; (5)obtain chemical abuse evaluation/treatment w/i 10 days; (6)no associate w/persons engaged in illigal activity. Crt examines deft re his understanding of the conditions. Deft states he understands & agrees to conditions. Crt orders deft released O/R w/conditions as stated (detention hearing held on 10/28/02) [LOCATION RELEASE] C/R: Tina Brilz; Clk: Marlyn Gersack; L/C: Mary Jaraczeski (MJG) (Entered: 10/30/2002) |
| 10/23/2002 | 6 | ORDER by Judge Carolyn S. Ostby: Telephone pretrial conference set for 1:45PM on 10/31/02 w/Judge Haddon, for Thomas Anthony Malolepszy (cc: all counsel, USM, USPO, Law Clk) (MJG) (Entered: 10/30/2002) |
| 10/23/2002 | 5 | ORDER by Judge Carolyn S. Ostby: Deirdre Caughlan is appointed to represent Thomas Anthony Malolepszy from detention hrg to disposition, including ancillary matters (cc: all counsel, USM, USPO) (MJG) (Entered: 10/30/2002) |
| 10/23/2002 | 4 | ORDER by Judge Carolyn S. Ostby: Jason T. Holden is appointed to represent Thomas Anthony Malolepszy for arraignment only (cc: all counsel, USM, USPO) (MJG) (Entered: 10/30/2002) |
| 10/23/2002 | 3 | CJA Form 23 (Financial Affidavit) as to Thomas Anthony Malolepszy (MJG) (Entered: 10/30/2002) |
| 10/23/2002 | 2 | (10/23/02) 4:20PM to 4:43PM MINUTES OF ARRAIGNMENT ON INDICTMENT FOR THOMAS ANTHONY MALOLEPSZY, before Judge Carolyn S. Ostby in GF: AUSA/Bernard Hubley, deft counsel/Jason Holden, deft & PTSO/Ray Antonsen present. Crt reviews CJA 23, examines deft re information reported, finds that deft qualifies for crt appointed counsel & appoints Holden for purpose of this proceeding; advises deft that CJA pandel attorney will be appointed. Deft consents to have Holden represent him for purpose of the proceeding. Crt examines deft re his understanding of the charges & his rights. Deft waives reading of indictment. Crt advises deft re possible penalties (mandatory minimum 10 yrs to life imprisonment, $4,000,000 fine & 5 yrs supervised release, on each count; penalties may be enhanced). Deft pleads NOT GUILTY to Counts 1-3 & NOT TRUE to forfeiture charge. Crt orders not guilty pleas entered & sets telephone pretrial conference for 1:45PM on 10/31/02 w/Judge Haddon. Thaggard motions for detention. Crt sets detention hearing for 1:30PM on 10/28/02; orders deft detained & remanded to custody of USM pending detention hearing [LOCATION CUSTODY] C/R: Anne Perron; Clk: Marlyn Gersack; L/C: Mary Jaraczeski (MJG) (Entered: 10/30/2002) |
| 10/23/2002 | | MINUTES: arraignment set for 4:15 10/23/02 for Thomas Anthony Malolepszy (MJG) (Entered: 10/23/2002) |
| 10/23/2002 | | MINUTES: case unsealed (SEALED) (Entered: 10/23/2002) |
| 10/17/2002 | | MINUTES: sealing case (MJG) (Entered: 10/21/2002) |

| 10/17/2002 | | ARREST WARRANT ISSUED forThomas Anthony Malolepszy by C/C Billings; dlv orig and 1 w/cert copy of indct to USM in Billings, MT for service (cc:USA, USM, PROB) (MJG) (Entered: 10/21/2002) |
|---|---|---|
| 10/17/2002 | [1](#) | INDICTMENT filed against Thomas Anthony Malolepszy (1), Counts 1, 2, 3; Grand Jury held on 10/17/02 at Billings, MT (cc: USA, USM, USPO) (MJG) Additional attachment(s) added on 8/21/2007 (Stewart, Megan). (Entered: 10/21/2002) |

BERNARD F. HUBLEY
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
BILLINGS DIV.

2002 OCT 17 AM 11 25

PATRICK E. DUFFY, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 02-112-GF-SEH |
|---|---|
| Plaintiff, | INDICTMENT |
| vs. | CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE (Count I) Title 21 U.S.C. § 846 |
| THOMAS ANTHONY MALOLEPSZY, | POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE/DISTRIBUTION (Counts II, III) Title 21 U.S.C. § 841(a)(1) |
| Defendant. | (Penalty: Mandatory minimum ten years to life imprisonment, $4,000,000 fine, and five years supervised release ) |
| | PENALTIES MAY BE ENHANCED FOR PRIOR DRUG-RELATED FELONY CONVICTIONS |

1

UNITED STATES OF AMERICA } ss
DISTRICT OF MONTANA }

I, Patrick E. Duffy, Clerk of the United States District Court for the District of Montana, hereby certify that the above and foregoing is a true copy of the original now on file in my office.

Dated this 15th day of April 20 08

PATRICK E. DUFFY, Clerk
By_____
Deputy

THE GRAND JURY CHARGES:

## COUNT I

Beginning on an unknown date but for at least six months prior to September, 2001, and continuing to the present, at Great Falls and Butte, in the State and District of Montana, and elsewhere, the defendant, THOMAS ANTHONY MALOLEPSZY, did knowingly and unlawfully conspire with Mathew Douglas Winchell, and others known and unknown to the grand jury, to distribute, in violation of 21 U.S.C. § 841(a)(1), a Schedule II controlled substance, to-wit: 500 grams or more of methamphetamine.

## OBJECT OF THE CONSPIRACY

The object of this conspiracy was the distribution of methamphetamine.

## METHOD AND MEANS

This conspiracy was carried out by the following method and means:

1) During the period of the conspiracy, Mathew Douglas Winchell obtained methamphetamine from various sources for redistribution through established distributors.

2) During the period of the conspiracy, Mathew Douglas Winchell distributed multiple ounces of methamphetamine on multiple occasions to the defendant, THOMAS ANTHONY MALOLEPSZY.

3) During the period of the conspiracy, and specifically on September 5, 2001, the defendant, THOMAS ANTHONY MALOLEPSZY, distributed 10.62 grams of methamphetamine.

4) During the period of the conspiracy, and specifically on September 12, 2001, the defendant, THOMAS ANTHONY MALOLEPSZY, distributed 14.18 grams of methamphetamine.

5) During the period of the conspiracy, the defendant, THOMAS ANTHONY MALOLEPSZY, possessed with intent to distribute and did distribute, on multiple other occasions, methamphetamine to others both known and unknown to the grand jury.

All in violation of Title 21 U.S.C. § 846.

## COUNT II

Beginning on an unknown date but for at least six months prior to September, 2001, and continuing to the present, at Great Falls and Butte, in the State and District of Montana, and elsewhere, the defendant, THOMAS ANTHONY MALOLEPSZY, did knowingly and unlawfully possess with intent to distribute a Schedule II controlled substance, to-wit: 500 grams or more of methamphetamine, and did aid and abet in the possession with intent to distribute said methamphetamine, all in violation of Title 21 U.S.C. § 841(a)(1) and Title 18 U.S.C. § 2.

## COUNT III

Beginning on an unknown date but for at least six months prior to September, 2001, and continuing to the present, at Great Falls and Butte, in the State and District of Montana, and elsewhere, the defendant, THOMAS ANTHONY MALOLEPSZY, did knowingly and unlawfully distribute a Schedule II controlled substance, to-wit: 500 grams or more of methamphetamine, or did aid and abet in the distribution of methamphetamine, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

## FORFEITURE

As a result of the offenses charged in Counts I, II, and III, the Defendant, THOMAS ANTHONY MALOLEPSZY, shall forfeit to the United States any and all property constituting or derived from any proceeds the said Defendant obtained directly or indirectly as a result of the said violations, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts I, II, and III of this Indictment, including but not limited to currency, real property, and automobiles.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said Defendant up to the value of the above forfeitable property; pursuant to 21 U.S.C. § 846 and § 853.

Case 5:08-cr-00026-RSEH Document 21 Filed 10/17/2002 Page 5 of 5
Case 4:02-cr-00046-RSEH Document 1 Filed 04/17/2002 Page 19 of 19

A TRUE BILL.

*[signature: Nancy L. Helter]*
FOREPERSON

*[signature: Lorraine Gallinger]*
WILLIAM W. MERCER
United States Attorney

*[signature: Carl Rostad]*
CARL E. ROSTAD
Criminal Chief Assistant U.S. Attorney

Crim. Summons _____
Warrant ✓
Bail none

N:\CRostad\...\malolepszy indictment.wpd